**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____District of Delaware_____
(State)

Case number (*if known*): _____ Chapter 11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available

| | | |
|---|---|---|
| 1. | **Debtor's name** | TECT Aerospace Group Holdings, Inc. |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number (EIN)** | 8  2  –  3  5  1  9  3  3  8 |

4. **Debtor's address**

| **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|
| 300 W. Douglas<br>Number    Street | Number    Street |
| Suite 100 | |
| Wichita          KS          67202<br>City          State          Zip Code | City          State          Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| Sedgwick<br>County | Number    Street |
| | City          State          Zip Code |

5. **Debtor's website** (URL)    https://www.tectaero.com/

6. **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other.  Specify: _____

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. *See* http://www.uscourts.gov/four-digit-national-association-naics-codes.

   3364

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1). Its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes. District _____ When _____ Case number _____

                                        MM / DD / YYYY

           District _____ When _____ Case number _____

                                         MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes. Debtor  See Schedule 1 _____ Relationship  See Exhibit A

           District  District of Delaware _____ When    See Schedule 1

                                                   MM / DD / YYYY

           Case number, if known _____

Debtor   **TECT Aerospace Group Holdings, Inc.**
         Name                                    Case number *(if known)*

---

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** (Check all that apply.)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
    Number    Street

_____

_____
City    State    ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

    Contact name _____

    Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors**

(on a consolidated basis with all affiliated debtors)

☐ 1-49    ☒ 1,000-5,000    ☐ 25,001-50,000
☐ 50-99    ☐ 5,001-10,000    ☐ 50,001-100,000
☐ 100-199    ☐ 10,001-25,000    ☐ More than 100,000
☐ 200-999

---

**15. Estimated assets**

(on a consolidated basis with all affiliated debtors)

☐ $0-$50,000    ☐ $1,000,001-$10 million    ☐ $500,000,001-$1 billion
☐ $50,001-$100,000    ☐ $10,000,001-$50 million    ☐ $1,000,000,001-$10 billion
☐ $100,001-$500,000    ☒ $50,000,001-$100 million    ☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million    ☐ $100,000,001-$500 million    ☐ More than $50 billion

---

Debtor  **TECT Aerospace Group Holdings, Inc.**   Case number *(if known)*_____
Name

**16. Estimated liabilities**

(on a consolidated basis with all affiliated debtors)

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☒ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  04/05/2021
MM / DD / YYYY

✗ /s/ Shaun Martin
Signature of authorized representative of debtor

Shaun Martin
Printed name

Title Authorized Person, Chief Restructuring Officer

**18. Signature of attorney**

✗ /s/ Paul N. Heath
Signature of attorney for debtor

Date  04/05/2021
MM / DD / YYYY

Paul N. Heath
Printed name

Richards, Layton & Finger, P.A.
Firm name

One Rodney Square, 920 North King Street
Number    Street

Wilmington   Delaware   19801
City    State    ZIP Code

(302) 651-7700   heath@rlf.com
Contact phone    Email address

3704   Delaware
Bar number   State

RLF1 25064128v.1

## Schedule 1

### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case, collectively, the "**Debtors**") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware. The Debtors have filed a motion requesting that the chapter 11 cases of these entities be consolidated for procedural purposes only and jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

| COMPANY |
| --- |
| TECT Aerospace Group Holdings, Inc. |
| TECT Aerospace Kansas Holdings, LLC |
| TECT Aerospace Holdings, LLC |
| TECT Aerospace Wellington Inc. |
| TECT Aerospace, LLC |
| TECT Hypervelocity, Inc. |
| Sun Country Holdings, LLC |

## RESOLUTIONS ADOPTED BY WRITTEN CONSENT

## OF THE BOARD OF DIRECTORS OF

## TECT AEROSPACE GROUP HOLDINGS, INC.

### April 5, 2021

The undersigned, constituting all of the members of the board of directors (the "**Board**"), of TECT Aerospace Group Holdings, Inc., a Delaware corporation (the "**Company**"), acting pursuant to and in accordance with Section 141(f) of the General Corporation Law of the State of Delaware, does hereby consent to, adopt, and approve by written consent in accordance with applicable law, the following resolutions and each and every action effected thereby:

WHEREAS, the Board has determined it is in the best interests of the Company to engage Winter Harbor, LLC, to provide temporary staff, including the appointment of Shaun Martin as Chief Restructuring Officer, to assist in its financial and operational restructuring, and to perform certain services including financial and cash management, operational, business plans and transactions, bankruptcy related services, and other general tasks subject to the oversight of the Board;

WHEREAS, the Board has reviewed and had the opportunity to ask questions about the materials presented by the members of the Company's management and the legal and financial advisors of the Company regarding the liabilities and liquidity of the Company, the strategic alternatives available, and the impact of the foregoing on the Company's business;

WHEREAS, the Board has had the opportunity to consult with members of the Company's management and the legal and financial advisors of the Company to fully consider each of the strategic alternatives available to the Company;

WHEREAS, the Board has received, reviewed and considered the recommendations of, and the materials presented by, the management of the Company and the Company's legal and financial advisors as to the relative risks and benefits of commencing a voluntary case under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Case**"); and

WHEREAS, the Board believes that taking each of the actions set forth below is advisable and in the best interests of the Company and all of its residual claimants and, therefore, desires to approve the following resolutions.

### I.    Commencement of Chapter 11 Case

NOW, THEREFORE, BE IT RESOLVED, that the Board has determined, after due consultation with members of the Company's management and the legal and financial advisors of the Company, that it is advisable and in the best interests of the Company and all of its residual claimants, including its creditors and other parties in interest, that the Company shall be, and hereby is, authorized to file, or cause to be filed, a petition seeking relief under the provisions of

chapter 11 of the Bankruptcy Code to commence the Chapter 11 Case and any other order that may be desirable under applicable law; and

RESOLVED FURTHER, that Shaun Martin is appointed as Chief Restructuring Officer of the Company and, acting individually, in his capacity as Chief Restructuring Officer of the Company (the "**Authorized Person**"), is authorized, empowered, and directed to execute and file in the name and on behalf of the Company, and under its corporate seal or otherwise, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, orders, and other documents in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"), and, in connection therewith, to take and perform any and all further acts and deeds which the Authorized Person deems necessary, proper, or desirable in connection with the Company's Chapter 11 Case, including (i) negotiating, executing, delivering, and performing any and all documents, agreements, certificates, and instruments in connection with the transactions and professional retentions set forth in this resolution, (ii) appearing as necessary at all bankruptcy proceedings in the Bankruptcy Court on behalf of the Company and (iii) paying all such expenses where necessary or appropriate in order to carry out fully the intent and accomplish the purposes of the resolutions adopted herein.

## II.    DIP Financing

RESOLVED, that the proposed debtor-in-possession financing facility (the "**DIP Facility**") pursuant to that certain [*Superpriority Secured Debtor-in-Possession Credit Agreement*] in substantially the form presented to the Board (the "**DIP Credit Agreement**"), and the transactions contemplated thereby are hereby approved, and the Authorized Person shall be, and hereby is, authorized, empowered and directed on behalf of and in the name of the Company, to enter into the DIP Credit Agreement and take all actions necessary and appropriate for the Company to obtain post-petition financing according to the terms negotiated by the Authorized Person under the DIP Facility, including entering into other documents evidencing the DIP Facility, including any loan agreements, documents, notes, guaranties, security agreements, pledge agreements and all other documents, agreements or instruments related thereto (collectively, the "**DIP Credit Documents**") in each case in such form as the Authorized Person may approve, and making changes to the DIP Credit Agreement, as may be deemed necessary or appropriate by the Authorized Person (such approval and the approval of the Board to be conclusively evidenced by the execution thereof or taking of such action by the Authorized Person); and

RESOLVED FURTHER, that the Company is authorized, and the Authorized Person shall be, and hereby is, authorized and empowered, with full power of delegation, on behalf of and in the name of the Company, to execute, deliver, verify and/or file, or cause to be filed and/or executed, delivered or verified (or direct others to do so on their behalf as provided herein), and to amend, supplement or otherwise modify from time to time, all necessary and appropriate documents, including, without limitation, petitions, affidavits, schedules, motions, lists, applications, pleadings and other documents, agreements and papers, including all DIP Credit Documents, in such form as the Authorized Person (or his delegate) may approve and to take any and all actions that the Authorized Person deems advisable, necessary or appropriate in connection with the Chapter 11 Case, any post-petition financing or any cash collateral usage contemplated

2

hereby or thereby (such approval and the approval of the Board to be conclusively evidenced by the execution thereof or taking of such action by the Authorized Person or any person to whom the Authorized Person's authority hereunder has been delegated).

## III.    Potential Sale Transactions

RESOLVED, that the Company is hereby authorized, and the Authorized Person shall be, and hereby is, authorized, directed and empowered, on behalf of and in the name of the Company, to file a motion with the Bankruptcy Court seeking approval of bidding procedures to be used to facilitate the sale of all or substantially all of the Company's assets, through one or more sales, pursuant to Section 363 of the Bankruptcy Code (the "**Potential Sale Transactions**"); and

RESOLVED FURTHER, that the Authorized Person be, and hereby is, authorized, directed and empowered on behalf of, and in the name of, the Company, to conduct a marketing process to identify possible purchasers for the Potential Sale Transactions under the supervision of the Bankruptcy Court.

## IV.    Retention of Advisors

RESOLVED, that the Company is authorized, and the Authorized Person shall be, and hereby is, authorized, empowered and directed on behalf of and in the name of the Company to retain Winter Harbor, LLC, located at 265 Franklin Street, 10th Floor, Boston, MA 02110, as restructuring advisors for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval;

RESOLVED FURTHER, that the Company is authorized, and the Authorized Person shall be, and hereby is, authorized, empowered and directed on behalf of and in the name of the Company to retain the law firm of Richards, Layton & Finger, P.A., located at 920 N King St, Wilmington, DE 19801, as counsel for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval;

RESOLVED FURTHER, that the Company is authorized, and the Authorized Person shall be, and hereby is, authorized, empowered and directed on behalf of and in the name of the Company to retain Imperial Capital, LLC, located at 10100 Santa Monica Boulevard, Suite 2400, Los Angeles, CA 90067, as investment banker for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and

RESOLVED FURTHER, that the Company is authorized, and the Authorized Person shall be, and hereby is, authorized, empowered and directed on behalf of and in the name of the Company to retain Kurtzman Carson Consultants LLC, located at 222 N. Pacific Coast Highway, 3rd Floor, El Segundo, CA 90245, as claims and noticing agent and administrative advisor for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval.

RLF1 24970819v.7

V.    <u>**General Authorization and Ratification**</u>

RESOLVED, that the Authorized Person (or his delegate) be, and hereby is, authorized, empowered and directed, for and on behalf of the Company to (a) do and perform all such acts and things and enter into, execute, acknowledge, deliver, and file all such certificates, agreements, acknowledgments, instruments, contracts, statements, and other documents and to take such further actions as the Authorized Person may deem necessary or appropriate to effect the intent and accomplish the purposes of the foregoing resolutions, with the taking of any such action by the Authorized Person being conclusive evidence that the same did meet such standards as set forth above, (b) perform the obligations of the Company under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices and documents to be executed and delivered in such form, as the Authorized Person performing or executing the same shall approve, and the performance or execution thereof by the Authorized Person shall be conclusive evidence of the approval thereof by the Authorized Person, the Board and by the Company and (c) pay fees and expenses in connection with the transactions contemplated by the foregoing resolutions; and

RESOLVED FURTHER, that any and all actions taken by the Authorized Person, or by any director, officer or agent of the Company, prior to the date of adoption of the foregoing resolutions, which would have been authorized by the foregoing resolutions but for the fact that such actions were taken prior to such date, be, and each hereby is, ratified, approved, confirmed, and adopted as a duly authorized act of the Company in all respects and for all purposes.

RLF1 24970819v.7

**IN WITNESS WHEREOF**, each of the undersigned has executed this action by written consent as of the date set forth below.

DocuSigned by:

*Bernard W Stanek, Jr*

4631BF5CAACA496...

Name:  Bernard W. Stanek, Jr.

Date:  April 5, 2021

DocuSigned by:

*William Coquillette*

38FE20EBBDBF43D...

Name:  William H. Coquillette

Date:  April 5, 2021

5

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

---------------------------------------------------------- x

*In re*                                          :        **Chapter 11**
                                                 :
**TECT AEROSPACE GROUP HOLDINGS,**               :        **Case No. 21– _____ (___)**
**INC.**, *et al.*,                              :
                                                 :        **Joint Administration Requested**
               **Debtors.**                      :
---------------------------------------------------------- x

<u>**CONSOLIDATED STATEMENT OF CORPORATE OWNERSHIP**</u>

Pursuant to Fed. R. Bankr. P. 1007(a)(1) and Fed. R. Bankr. P. 7007.1, attached hereto as

<u>**Exhibit A**</u> is an organizational chart reflecting all of the ownership interests in TECT Aerospace

Group Holdings, Inc. and its debtor-affiliates in the above-captioned chapter 11 cases

(collectively, the "**Debtors**").   The Debtors respectfully represent as follows in support of this

consolidated corporate ownership statement:

    1.    The following entities own, directly or indirectly, the below equity interests in

TECT Aerospace Group Holdings, Inc.:

> a.  Kenneth E Glass Trust 5/27/99 owns 100% of the Class A voting shares of TECT Aerospace Group Holdings, Inc.
>
> b.  Glass Holdings, LLC owns approximately 80.9% of the Class B non-voting shares of TECT Aerospace Group Holdings, Inc.
>
> c.  Glass Charitable Remainder Unitrust 07/29/00 owns approximately 18.6% of the Class B non-voting shares of TECT Aerospace Group Holdings, Inc.
>
> d.  UCA Executive Investment, LLC owns approximately 0.5% of the Class B non-voting shares of TECT Aerospace Group Holdings, Inc.

    2.    TECT Aerospace Group Holdings, Inc. directly owns 100% of the membership

interests of:

> a.  TECT Aerospace Kansas Holdings, LLC; and

       b.   TECT Aerospace Holdings, LLC.

3.      TECT Aerospace Kansas Holdings, LLC directly owns 100% of the equity interests of:

       a.   TECT Aerospace Wellington Inc.; and

       b.   TECT Hypervelocity, Inc.

4.      TECT Aerospace Holdings, LLC directly owns 100% of the membership interests of:

       a.   TECT Aerospace, LLC; and

       b.   Sun Country Holdings, LLC.

**Exhibit A**

**Organizational Chart**

# TECT Aerospace Organizational Chart



## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF DELAWARE

------------------------------------------------------------- x

| | |
|---|---|
| *In re* | : Chapter 11 |
| | : |
| **TECT AEROSPACE GROUP HOLDINGS,** | : Case No. 21– _____ (___) |
| **INC.,** *et al.*, | : |
| | : Joint Administration Requested |
| Debtors. | : |

------------------------------------------------------------- x

## LIST OF EQUITY SECURITY HOLDERS

The following is a list of TECT Aerospace Group Holdings, Inc.'s equity security

holders. This list has been prepared in accordance with Fed. R. Bankr. P. 1007(a)(3) for filing in

this chapter 11 case.

| Holder Name | Mailing Address of Holder | Percentage of Interests Held |
|---|---|---|
| Kenneth E Glass Trust 5/27/99 | Two Town Square Boulevard, Suite 310 Asheville, NC 28803 | 100% of the Class A voting shares |
| Glass Holdings, LLC | Two Town Square Boulevard, Suite 310 Asheville, NC 28803 | 80.9% of the Class B non-voting shares |
| Glass Charitable Remainder Unitrust 07/29/00 | Two Town Square Boulevard, Suite 310 Asheville, NC 28803 | 18.6% of the Class B non-voting shares |
| UCA Executive Investment LLC | Two Town Square Boulevard, Suite 310 Asheville, NC 28803 | 0.5% of the Class B non-voting shares |

| Fill in this information to identify the case and this filing: |
|---|
| Debtor Name   <u>TECT Aerospace Group Holdings, Inc.</u> |
| United States Bankruptcy Court for the: <u>District of Delaware</u><br>(State) |
| Case number (*If known*): _____ |

<u>Official Form 202</u>

# Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐    *Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)*

☐    *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐    *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐    *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐    *Schedule H: Codebtors (Official Form 206H)*

☐    *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐    *Amended Schedule* _____

☐    *Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒    *Other document that requires a declaration* <u>Consolidated Statement of Corporate Ownership and List of Equity Security Holders</u>

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  <u>04/05/2021</u>
          MM / DD / YYYY

✗  */s/ Shaun Martin*
Signature of individual signing on behalf of debtor

<u>Shaun Martin</u>
Printed name

<u>Authorized Person, Chief Restructuring Officer</u>
Position or relationship to debtor

**Fill in this information to identify the case:**

Debtor name:   TECT Aerospace Group Holdings, Inc.

United States Bankruptcy Court for the District of Delaware

Case number (If known):

☐ Check if this is an amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | THE BOEING COMPANY 100 N. RIVERSIDE PLAZA CHICAGO, IL 60606 | EDWARD J. NEVERIL EMAIL: EDWARD.J.NEVERIL@BOEING.COM | MATERIAL ADVANCES / TRADE | | | | $ 18,345,485.03 |
| 2 | SPIRIT AEROSYSTEMS INC 3801 S OLIVER STREET WICHITA, KS 67210 | STUART HARRISON PHONE: 316-526-3809 FAX: 866-526-8970 EMAIL: STUART.HARRISON@SPIRITAERO.COM | MATERIAL ADVANCES / TRADE | | | | $ 4,181,184.98 |
| 3 | ALL METAL SERVICES LTD 1738 GENERAL GEORGE PATTON DRIVE BRENTWOOD, TN 37027 | ERIC BEARD PHONE: 615-276-0400 FAX: 615-377-0103 EMAIL: EBEARD@AMIMETALS.COM | TRADE | | | | $ 1,009,528.24 |
| 4 | WM F HURST CO LLC 2121 SOUTHWEST BLVD WICHITA, KS 67213 | JASON MULLEN PHONE: 316-942-7474 FAX: 316-942-1539 EMAIL: JMULLEN@WMHURST.COM | TRADE | | | | $ 976,301.80 |
| 5 | MECADAQ TARNOS FLEESON, GOOING, COULSON & KITCH LLC 301 N MAIN SUITE 1900 WICHITA, KS 67202 | DAVID G. SEELY PHONE: 316-267-7631 FAX: 316-267-1754 EMAIL: DSEELY@FLEESON.COM | LAWSUIT | Contingent Unliquidated Disputed | | | $ 911,341.00 |
| 6 | UNIVERSAL ALLOY CORPORATION 180 LAMAR HALEY PARKWAY CANTON, GA 30114 | MIKE COLT PHONE: 770-479-7230 FAX: 770-720-7716; 678-880-1476 EMAIL: MIKE.COLT@UNIVERSALALLOY.COM | TRADE | | | | $ 818,004.43 |
| 7 | KISER MANUFACTURING CO 601 E US HWY 160 ARGONIA, KS 67004 | JERRY KISER & BOB RANDALL PHONE: 620-435-6981 FAX: 620-435-6900 EMAIL: BRANDALL@KISERMFG.NET | INVENTORY | Contingent Unliquidated Disputed | | | $ 507,808.38 |
| 8 | SPIRIT AEROSYSTEMS PROCESSING 3801 S OLIVER STREET WICHITA, KS 67210 | STUART HARRISON PHONE: 316-526-3809 FAX: 866-526-8970 EMAIL: STUART.HARRISON@SPIRITAERO.COM | TRADE | | | | $ 447,002.87 |
| 9 | GLOBAL MACHINE WORKS INC. 19130 59TH DRIVE NE ARLINGTON, WA 98223 | BRAD STUCZYNSKI PHONE: 360-403-8432 FAX: 360-435-6387 EMAIL: BRAD@GLOBALMACHINEWORKS.COM | TRADE | | | | $ 381,479.83 |
| 10 | HYTEK FINISHES CO 8127 S 216TH STREET KENT, WA 98032-1996 | MARTY DUNN PHONE: 253-796-4523 FAX: 253-872-7214 EMAIL: MARTY.DUNN@HYTEKFINISHES.COM | TRADE | | | | $ 380,412.70 |
| 11 | COLLINS AEROSPACE 2901 NORTHERN CROSS BLVD FORT WORTH, TX 76107 | KAITLIN LANG PHONE: 704-423-7000 FAX: 704-423-7000 EMAIL: KAITLIN.LANG@COLLINS.COM | MATERIAL ADVANCES | | | | $ 300,000.00 |
| 12 | ALUMINUM PRECISION PRODUCTS 3333 W WARNER AVE SANTA ANA, CA 92704 | GREGORY KEELER PHONE: 714-427-3336 FAX: 714-540-8662 EMAIL: GARNEDO@ALUMINUMPRECISION.COM; APP@ALUMINUMPRECISION.COM | TRADE | | | | $ 293,419.70 |
| 13 | QUALITY STAMPING & MACHINING INC 1907 137TH AVE E SUMNER, WA 98390 | CHUCK GIRTZ PHONE: 253-863-5770 FAX: 253-863-0657; 320-589-3637 EMAIL: CHUCK@QUALSTAMP.COM | TRADE | | | | $ 158,190.00 |
| 14 | OMEGA PRECISION 7929 44TH AVE W SUITE G MUKILTEO, WA 98275-2700 | GENERAL COUNSEL PHONE: 973-256-3422 FAX: 973-256-6171 | TRADE | | | | $ 139,369.83 |
| 15 | HONEYCUTT MANUFACTURING 12402 EVERGREEN DRIVE MUKILTEO, WA 98275 | NICK HONEYCUTT PHONE: 425-493-0525 FAX: 425-493-0527 EMAIL: NICK@HONEYCUTT-MFG.COM | TRADE | | | | $ 130,262.93 |
| 16 | BOEING DISTRIBUTION SERVICES INC. 10900 E 26TH STREET NORTH WICHITA, KS 67226 | JERRAD BRENZIKOFER PHONE: 316-630-4963 FAX: 316-630-4990 EMAIL: JERRAD.BRENZIKOFER@BOEINGDISTRIBUTION.COM | TRADE | | | | $ 115,550.13 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 17  BLACKHAWK INDUSTRIAL 1501 SW EXPRESSWAY DRIVE BROKEN ARROW, OK 74012 | KARL SCOTT PHONE: 918-610-4617 FAX: 855-610-2001 EMAIL: KARL.SCOTT@BLACKHAWKID.COM | TRADE | | | | $    110,952.38 |
| 18  SUNSHINE METALS INC 1228 SHERBORN STREET CORONA, CA 92879 | GAGE PIANCONE PHONE: 888-638-2514; 714-441-8120 FAX: 714-773-9901 EMAIL: SALES@SUNSHINEMETALS.COM | TRADE | | | | $    107,089.92 |
| 19  DYNOMAX 1535 ABBOTT DRIVE WHEELING, IL 60090 | MARCY PEROO PHONE: 847-680-8833 FAX: 847-680-8838 EMAIL: MPEROO@DYNOMAXINC.COM | MATERIAL ADVANCES | | | | $    90,635.28 |
| 20  DIVERSIFIED SERVICES INC 27 CLARK AVE WELLINGTON, KS 67152 | BROOK GERTEN PHONE: 620-326-7655 FAX: 620-326-2448; 316-262-2448 EMAIL: BGERTEN@DSIFINISHING.COM | TRADE | | | | $    82,712.09 |
| 21  MAKINO INC 2333 S WEST STREET SUITE 103 WICHITA, KANSAS 67213 | JEREMY SEIER PHONE: 316-295-7223; 513-573-7200 FAX: 513-573-7360 EMAIL: JEREMY.SEIER@MAKINO.COM | TRADE | | | | $    76,091.84 |
| 22  SERVICE STEEL AEROSPACE 4609 70TH AVENUE E FIFE, WA 87424 | DOUG NESBITT PHONE: 800-426-9794 FAX: 253-926-4660 EMAIL: SALES@SSA-CORP.COM | TRADE | | | | $    68,300.97 |
| 23  TW METALS INC 1200 BLAKE DRIVE WICHITA, KS 67219 | TORIAN KEEN PHONE: 316-744-5011 FAX: 316-744-5001 EMAIL: TORIAN.KEEN@TWMETALS.COM | TRADE | | | | $    66,930.58 |
| 24  FOUR STATE INDUSTRIAL SUPPLY 1731 S EISENHOWER CT WICHITA, KS 67209 | TIM ROWOLD PHONE: 316-558-8225 X1401 FAX: 316-558-8449 EMAIL: TIM.ROWOLD@FOURSTATEIND.COM | TRADE | | | | $    61,054.16 |
| 25  WESCO AIRCRAFT 3851 N WEBB ROAD WICHITA, KS 67226 | CHRISTINA KUKURUDA PHONE: 316-315-1200 FAX: 316-315-1298 EMAIL: EPGKSSALES@WESCOAIR.COM | TRADE | | | | $    55,370.62 |
| 26  PRECISION COIL SPRING 10107 ROSE AVENUE EL MONTE, CA 91731 | ROBERT HIMROD PHONE: 626-666-0561 FAX: 626-444-3712 EMAIL: PCS@PCSPRING.COM | TRADE | | | | $    50,425.00 |
| 27  KAVLICO CORPORATION / SENSATA TECHNOLOGIES 529 PLEASANT STREET MAIL STATION B-17 ATTLEBORO, MA 02703 | CASSANDRA CAMACHO PHONE: 508-236-2186 FAX: 508-236-1761 EMAIL: CCAMACHO4@SENSATA.COM | TRADE | | | | $    50,091.00 |
| 28  NIIGATA MACHINE TECHNO USA INC 1501 LANDMEIER RD ELK GROVE VILLAGE, IL 60007 | HANS RETRA PHONE: 630-283-5880 FAX: 630-283-5843 EMAIL: INFO@NIIGATAUSA.COM | TRADE | | | | $    47,456.89 |
| 29  INGERSOLL MACHINE 707 FULTON AVENUE ROCKFORD, IL 61103 | CHIP STORIE PHONE: 815-987-6017 FAX: 815-425-2568 EMAIL: MAC@INGERSOLL.COM | TRADE | | | | $    46,898.00 |
| 30  NATIONAL PRECISION BEARING 8152 - 304TH AVE SE PO BOX 5012 PRESTON, WA 98050-5012 | TOM KOETJE PHONE: 800-426-8038 FAX: 425-222-5950 EMAIL: TOM.KOETJE@NATIONALPRECISION.COM; SALES@NATIONALPRECISION.COM | TRADE | | | | $    45,278.56 |

Fill in this information to identify the case and this filing:

Debtor Name  <u>TECT Aerospace Group Holdings, Inc.</u>

United States Bankruptcy Court for the: <u>District of Delaware</u>
                                              (State)

Case number (*If known*):_____

<u>Official Form 202</u>

# Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  *Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)*

☐  *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐  *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐  *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐  *Schedule H: Codebtors (Official Form 206H)*

☐  *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐  *Amended Schedule _____*

☒  *Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☐  *Other document that requires a declaration _____*

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __04/05/2021_____
              MM / DD / YYYY

✘   */s/ Shaun Martin*
Signature of individual signing on behalf of debtor

Shaun Martin
Printed name

Authorized Person, Chief Restructuring Officer
Position or relationship to debtor